IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNON J. HAKEEM,

    Plaintiff,

v.                                                   No. 1:19-CV-0013-RB-KK

NICOLE A. HERTZLER,
AMBER MACIAS-MAYO, and
SYLVIA LAMAR,

    Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs filed January 8, 2019. (Doc. 2.)

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case . . . .

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant

to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs . . . ."

Plaintiff states that (i) his and his spouse's combined monthly income amount next month is $1,760.00; (ii) his and his spouse's combined monthly expenses[1] next month exceed their monthly income; (iii) he and his spouse have $40.00 in cash and $36.15 in bank accounts; and (iv) Plaintiff's two sons and his ex-wife rely on him for support. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life").

**Dismissal of the Case**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff asserts claims of "Willful Misconduct," "Child Neglect," and "Intentional Infliction of Emotional Distress." (Doc. 1 (Compl.) at 3–4.) The Complaint alleges that: (i) Defendant Hertzler, the mother of Plaintiff's children, abused and neglected the children; (ii) that Plaintiff was wrongfully accused and convicted of domestic violence with Defendant

---

[1] The combined monthly expenses of Plaintiff and his spouse total $16,080.00. It appears that some of the estimated expenses may be inaccurate. For example, the Application indicates that Plaintiff and his spouse each spend $1,000.00 per month on clothing and $1,000.00 per month on recreation. The Court disregards the apparent inaccuracies in the estimated expenses due to the low monthly combined income to support five persons and the small amount of cash on hand and in bank accounts. The Court relies on Plaintiff's affidavit which declares that he is unable to pay the costs of these proceedings.

2

Lamar, a state district court judge, being biased; (iii) Defendant Hertzler's attorney[2] "called [Plaintiff] an abuser, accused him of being the reason of [Defendant Hertzler] losing her employment at OCD, and more;" and (iv) CYFD workers violated HIPAA. (*See id.*) The Complaint does not name CYFD or its employees as defendants, does not expressly assert any civil rights claims pursuant to 42 U.S.C. § 1983, and does not seek injunctive relief.

To the extent the Complaint is asserting civil rights claims pursuant to 42 U.S.C. § 1983, the Court dismisses those claims for the following reasons. Section 1983 only authorizes suits against persons acting under color of state law and Plaintiff has indicated that Defendants Hertzler and Macias-Mayo were not "acting under color of state law." (Compl. at 1–2.) *See also McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). Defendant Lamar, a state court judge, is immune from monetary damages claims. *See Sawyer v. Gorman*, 317 F. App'x. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction"). CYFD and its employees, as an arm of the state are also immune. *See Hull v. N.M. Taxation & Revenue Dep'ts Motor Vehicle Div.*, 179 F. App'x. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits").

---

[2] Although not entirely clear, it appears that Defendant Macias-Mayo was Defendant Hertzler's attorney. (*See* Compl. at 20.)

Plaintiff alleges that CYFD "workers required [Plaintiff] to meet them in public places, this is a HIPPA violation." (Compl. at 16.) Plaintiff appears to be referring to the Health Insurance Portability and Accountability Act ("HIPAA"). The Court dismisses the HIPAA claim because there is no private cause of action under HIPAA. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information"); 28 U.S.C. § 1915 (e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

The Court, having dismissed all the federal law claims, declines to exercise supplemental jurisdiction over the state law claims.[3] *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 8, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[3] There is no diversity jurisdiction because the Complaint states that Plaintiff and Defendants are citizens of New Mexico.